**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Sharkozy, | No. CV-08-0637-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Superior Court of Gila County, et al., | |
| Defendants. | |

The court has before it defendants' motion to dismiss (doc. 7), and plaintiff's response (doc. 9).

Plaintiff filed a one-page complaint alleging that the Superior Court of Arizona in Gila County and Superior Court Judge Peter J. Cahill have "broken our laws and made illegal decisions during Court Hearings," and treated him unfairly in relation to his state court action (Gila Superior Court No. GC2006-0026). Defendants now move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6).

Defendants present numerous arguments in support of their motion. They first contend that we have no jurisdiction to review a final decision of a state court. We agree. If in fact the complaint is intended to raise claims challenging rulings by the Superior Court, we are without jurisdiction to consider them. See MacKay v. Pfeil, 827 F.2d 540, 543 (9th

Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts.") .

We also agree with defendants that any claims against the Superior Court or Judge Cahill in his official capacity are barred by the Eleventh Amendment and must be dismissed. The Eleventh Amendment prohibits lawsuits by private litigants against the State, its agencies, or its employees in their official capacities. Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 1356 (1974). The Superior Court of Arizona is a state court, not a county court. Ariz. Const. art. 6, § 13.

Even if plaintiff's claims are liberally construed as brought pursuant to 42 U.S.C. § 1983, they must also be dismissed. Neither the State, its agencies, nor its officials acting in their official capacities, are "persons" within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989). The claims against the Superior Court and Judge Cahill in his official capacity are not cognizable under § 1983 and are dismissed.

Finally, defendants contend that any claims brought against Judge Cahill in his individual capacity must be dismissed as they are barred by the doctrine of absolute judicial immunity. Judges are absolutely immune from liability for acts within their judicial roles. Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218 (1967). The allegations against Judge Cahill are solely related to his rulings in plaintiff's state lawsuit. See Response at 2. Therefore, Judge Cahill is entitled to absolutely immunity for these claims and they are dismissed.

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 7). The clerk shall enter final judgment.

1  Plaintiff is advised to seek the advice of counsel. If he is aggrieved by the judgment
2  of the Superior Court, he may seek further judicial review within the state system
3  DATED this 30th day of May, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge